VIOLA STARKEY, petitioner,

*v.*

JAMES W. STARKEY, defendant.

[Decided November 25th, 1924.]

**Divorce—Desertion—Legal Domicile Acquired in New Jersey by Complainant—Court Has Jurisdiction Under Statute.**

On final hearing.

*Mr. Joseph E. Conlon,* for the petitioner.

*Mr. Romulus P. Rimo,* for the defendant.

BUCHANAN, V. C.

Petitioner sues for divorce for the cause of desertion. I am entirely satisfied from the evidence that defendant, after a course of cruel and brutal conduct toward his wife, deserted her on or about December 21st, 1921, in New York City, where the matrimonial domicile then was. This gave her the right to change her domicile and acquire a separate domicile of her own. *Wallace* v. *Wallace, 65 N. J. Eq. 359.*

She moved to New Jersey about two weeks later, and the proof convinces me that she then acquired a *bona fide* residence and domicile in this state, which continued down to the filing of the petition. Meanwhile the husband not only did not terminate the desertion, or attempt reconciliation, but sought her out and committed an atrocious assault and battery upon her (for which he was convicted and is still serving sentence of imprisonment). The separation, which commenced in New York on December 21st, 1921, continued, therefore, of the requisite statutory character, and at the end of two years, on December 21st, 1923, matured into a cause of action under the statute, the petitioner's cause of action then arose. *Koch* v. *Koch, 79 N. J. Eq. 24; Gordon* v. *Gordon, 89 N. J. Eq. 535.*

She was at that time a resident of this state, and continued so to be down to the filing of the petition. This court, therefore, has jurisdiction under the statute. *Koch* v. *Koch, supra.*

Petitioner is entitled to decree.